The bill states that John Coltraine had executed to William Coltraine (the plaintiff) four several bonds of $500 each; that he the said William Coltraine purchased of Manlove A. Causey a tract of land at the price of $2,000, and paid the purchase — money, by endorsing to him the aforesaid four several bonds; that the said Manlove A. Causey, being greatly indebted, and much harassed with ca. sa.'s by his creditors, with a view to defraud his aforesaid creditors, did, without any bona fide
consideration, assign the aforesaid four bonds which he thus held on John Coltraine, to the defendant Ennolds Causey, under a secret trust that they should hold the proceeds of the same for the benefit of the assignor, his wife and children. The bill further states that Manlove A. Causey died in September, 1840, and that the plaintiff administered on his estate. Upon the coming in of the answer of Ennolds Causey, in which he stated that only two of the bonds had been assigned to him, and that the other two had been assigned to Levin Kirkman, the plaintiff, amended his bill, and therein alleged that the said other two bonds were in the hands and custody of Jane S. Causey, the widow of Manlove Causey, and of Levin Kirkman, the father of said Jane S. for safe keeping for the use of said Manlove or his representatives, and to be delivered when they should be demanded; and further, that, if the said two bonds were endorsed by said Manlove to the said Levin, the endorsement was without consideration, (247) and in trust for said Manlove; or that, if the same were upon consideration, that it was a security for the payment of some inconsiderable sum of money due, or alleged to be due, from the said Manlove to the said Levin, or some other person. The prayer of the bill is, that the defendants respectively be decreed to surrender the aforesaid several bonds to the plaintiff, as administrator of Manlove A. Causey, in order that the proceeds may be held by him, when collected, as assets for the benefit of the creditors of his intestate, and for general relief. The *Page 192 
defendant Kirkman, in his answer, says that he was a creditor, by open account, of M. A. Causey, to the amount of $446.32 1-2 cents; and that one John Kirkman was another creditor by bond for $20; that M. A. Causey assigned to him as collateral security for those debts two of the said bonds mentioned in the bill, due December, 1843 and 1844, to collect and pay the said two debts. He submits to account, and pay to the plaintiff, as the administrator, the balance of the said two bonds, after deducting the aforesaid claims. Ennolds Causey, the other defendant, in his answer says that he is a bona fide assignee of the plaintiff's intestate of the other two bonds mentioned in the bill. But he now insists, that if he was to be considered an assignee of the said bonds upon the terms mentioned in the bill, still a decree ought not to be rendered against him in favor of the plaintiff, and he moved the Court to dismiss the bill as to him.
It is very certain, that if the assignment to E. Causey of the said two bonds by M. A. Causey, was for the purpose stated in the plaintiff's bill, to wit, to hinder, delay and defraud the said M. A. Causey's creditors, and also enable him by fraud to get the benefit of the insolvent act, it was nevertheless both in law and equity a good and effectual transfer (248) as against the assignor and his representatives, although it does not appear that he did take the oath of insolvency; for it, by force of the statute, was only void against the creditors of the assignor, Rev. Stat., Ch. 50, sec. 1. The plaintiff, although he alleges in his bill that he is a creditor, nevertheless sues as the administrator of M. A. Causey, deceased, and not as a creditor. He therefore stands here in no better situation as to these bonds than his intestate would, if he were now alive, and the plaintiff in the case. The bill must be dismissed as to E. Causey and Jane S. Causey. And there will be a decree for an account against Kirkman.
PER CURIAM. DECREED ACCORDINGLY.
Cited: Burton v. Farinholt, 86 N.C. 266. *Page 193